<a**
<b**
<c**
<d**
<e**
<f**
<g**
<h**
<i**
<j**
<k**
<l**
<m**
<n**
<o**
<p**
<q**
<r**
<s**
<t**
<u**
<v**
<w**
<x**
<y**
<z**

USDC SCAN INDEX SHEET

















SWD    4/12/04    14:25
3:04-CV-00717    MARTIME INS CO V. DELTA AIR LINES INC
*1*
*NTCREM.*

| | |
|---|---|
| 1 | **MOUND, COTTON & WOLLAN**<br>Counselors at Law |
| 2 | JOSEPH M. RIMAC - State Bar No. 72381<br>ANNA M. MARTIN - State Bar No. 154279 |
| 3 | 1051 Divisadero Street<br>San Francisco, California 94115 |
| 4 | Telephone (415) 434-4301 |
| 5 | **RIMAC & MARTIN**<br>**a Professional Corporation** |
| 6 | JOSEPH M. RIMAC, ESQ. - SBN 72381<br>WILLIAM REILLY, ESQ. - SBN 177550 |
| 7 | 1051 Divisadero Street<br>San Francisco, California 94115 |
| 8 | Telephone: (415) 561-8440 |
| 9 | Attorneys for Defendant<br>DELTA AIR LINES, INC. |

FILED
04 APR -8 PM 3:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

"BY FAX"

MARITIME INSURANCE COMPANY, a corporation,

    Plaintiff,

vs.

DELTA AIR LINES, INC., a corporation; RAYOTEK SCIENTIFIC, INC., a corporation; and DOE ONE through DOE TEN.

    Defendants.

)  Case No.
)  **'04 CV -717- JM (JMA)**
)
)  **NOTICE OF REMOVAL OF CIVIL**
)  **ACTION TO UNITED STATES**
)  **DISTRICT COURT**
)
)
)
)
)
)

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant DELTA AIR LINES, INC. ("Delta") hereby removes the above-entitled civil action from the Superior Court of the State of California, County of San Diego, Case No.: C 824325 to the United States District Court, Southern District of California and defendant RAYOTEK SCIENTIFIC, INC. joins in said removal.

NOTICE OF REMOVAL

1

This case is being removed pursuant to 28 U.S.C. §§ 1331, and 1441, et seq.

Defendants state that removal is proper for the following reasons:

1. On or about January 16, 2004, there was filed in the Superior Court of the State of California, for the County of San Diego, the above-entitled civil action bearing case no. C 824325, in the records and files of that court. Delta first received notice of this action on or after March 12, 2004. Thirty days have not expired since defendants received such notice.

**VENUE**

2. The United States District Court for the Southern District of California is a proper venue in that the action being removed was filed in the Superior Court of the State of California, City and County of San Diego.

**FEDERAL QUESTION**

3. A review of the complaint indicates that the subject matter of the litigation is a cause of action against air carriers for lost or damaged goods that is governed by federal common law. *Read-Rite Corp. v. Burlington Air Express, LTD*, 1999 U.S. App. LEXIS 18692 (1999, 9th Cir.) Thus, this court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States. Under 28 U.S.C. § 1331, this action is one that may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(b) in that federal question jurisdiction exists.

4. This Court has original jurisdiction over the subject matter of this civil action because federal common law applies to loss of or damage to goods by interstate common carriers by air and state law regulating the scope of air carrier liability for loss or damage to cargo is preempted by the Airline Deregulation Act of 1978, *49 U.S.C. § 41713(b)(4)(A)*. *Read-Rite Corp. v. Burlington Air Express, LTD*, 1999 U.S. App. LEXIS 18692 (1999, 9th Cir.). Paragraphs 5 and 6 of plaintiff's complaint expressly state that plaintiff seeks recovery for loss of or damage to goods by interstate common carriers by air between California and Florida.

4. Attached hereto as Exhibit A is a true and correct copy of all pleadings and process filed in this action in the Superior Court in the State of California, County of San Diego, which were served on Delta Air Lines, Inc.

1      5.    A notice of filing of this notice of removal is being filed concurrently with the Superior Court of the State of California, County of San Diego, and is concurrently being served on plaintiff.

    WHEREFORE, Delta AIRLINES, INC. prays that this civil action be removed to this court from the Superior Court of the State of California, City and County of San Diego.

Date:  April 8, 2004

RIMAC & MARTIN
A Professional Corporation

By: _____
William Reilly
Attorneys for Defendant Delta
Air Lines, Inc.

NOTICE OF REMOVAL

3

# EXHIBIT A

**Corporation Service Company**
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(888) 690-2882     sop@cscinfo.com

United States Corporation Company          The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

| | | |
|---|---|---|
| Date Processed: 12-MAR-04 | | Transmittal #: CA2035408C     ALL |
| To: WALTER BRILL<br>DELTA AIR LINES, INC<br>LEGAL DEPT. #981<br>1030 DELTA BLVD<br>ATLANTA GA 30354 | (DELTA AIR LINES Received MAR 16 2004 LAW DEPT. stamp) | Redirect sent to:<br>ROWENE MONTGOMERY |

TYPE OF REPRESENTATION:  Statutory

*We enclose the following documents which were served upon:*
    Corporation Service Company which will do business in California as CSC-Lawyers
*as registered agent in*   California          *for*
              DELTA AIR LINES, INC. (ID#: 2078129)
*Documents were served on*  12-MAR-04    *via Personal Service*          ID#: N/A

Title of Action: MARITIME INSURANCE COMPANY                    Case #: IC 824325
        vs. DELTA AIR LINES, INC ET AL
      Court: SAN DIEGO COUNTY SUPERIOR COURT, CA
Nature of Case: Contract

- **X** Summons
- **X** Complaint
- ___ Garnishment
- ___ Subpoena
- ___ Other:

- ___ Notice of Mechanic's Lien
- ___ Notice of Attorney's Lien
- ___ Notice of Default Judgment

- ___ A self-addressed stamped envelope enclosed
- ___ Duplicate copies of the Notice and Acknowledgement enclosed

Answer Due: 30 CALENDAR DAYS
Documents Sent: Federal Express          ID#:
Call Placed: No call placed              Spoke to: N/A
Comments: N/A

Attorney for Claimant:
    JOSHUA E KIRSCH
    GIBSON ROBB ET AL
    275 BATTERY ST
    SAN FRANCISCO  CA  94111
    415-291-1705

Form Prepared By:  Roxie Taylor

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
DELTA AIR LINES, INC., a corporation; RAYOTEK
SCIENTIFIC, INC., a corporation; and DOE ONE through
DOE TEN

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
MARITIME INSURANCE COMPANY, a corporation

*[Delta Air Lines Law Dept. Received stamp: MAR 16 2004]*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Case Number: 824325

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*[Spanish translation of above]*

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. BROADWAY
SAN DIEGO, CA 92101

LIMITED CIVIL JURISDICTION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
JOSHUA E. KIRSCH (179110)
GIBSON ROBB & LINDH LLP
275 BATTERY STREET,
SAN FRANCISCO, CA 94111

DATE: JAN 16 2004          Clerk, by R. CERSOSIMO, Deputy
(Fecha)                    (Secretario)         (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Delta Air Lines, Inc., a Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

SUMMONS

JOSHUA E. KIRSCH (179110)
CHRISTOPHER A. BURNHAM (226092)
GIBSON ROBB & LINDH LLP
275 Battery Street, Suite 920
San Francisco, California 94111
Telephone: (415) 283-2300
Fax: (415) 291-1705

Attorneys for Plaintiff
Maritime Insurance Company

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

2004 JAN 16 P 4: 10

SUPERIOR COURT
SAN DIEGO COUNTY, CA

COPY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

LIMITED JURISDICTION

BY FAX

MARITIME INSURANCE COMPANY, a corporation,

Plaintiff,

v.

DELTA AIR LINES, INC., a corporation; RAYOTEK SCIENTIFIC, INC., a corporation; and DOE ONE through DOE TEN,

Defendants.

Case No. IC 824325

COMPLAINT FOR LOSS, DELAY, AND NON-DELIVERY OF AIR CARGO AND BREACH OF CONTRACT

AMOUNT DEMANDED DOES NOT EXCEED $10,000.00

($7,300.00)

## GENERAL ALLEGATIONS

1. Plaintiff MARITIME INSURANCE COMPANY ("MARITIME") is now and at all times herein material was a corporation duly organized and existing by virtue of law, and plaintiff MARITIME was the insurer of the hereinafter described shipment.

2. Defendants DELTA AIR LINES, INC. ("DELTA"), a corporation, RAYOTEK SCIENTIFIC, INC. ("RAYOTEK"), a corporation, and DOE ONE through DOE TEN, and each of them, are now and at all times herein material were engaged in business in the County of San Diego. DELTA is a common carrier of goods for hire by air and RAYOTEK was the owner of the hereinafter described shipment.

3. The true names of defendants named herein as DOE ONE through DOE TEN, each

of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the loss herein complained of, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained.

### FIRST CAUSE OF ACTION
(Against DELTA and DOE ONE through DOE FIVE Only)

4. Plaintiff realleges and incorporates each and every allegation contained within paragraphs 1, 2, and 3 set forth above.

5. Plaintiff is informed and believes and on the basis of such information and belief alleges, that on or about January 14, 2002, at San Diego, California, DELTA and DOE ONE through DOE FIVE, and each of them, received a shipment of flourescent bulbs for carriage under air waybill number 006-21653376, and others, issued by and/or on behalf of said defendants. Defendants agreed, under contracts of carriage and in return for good and valuable consideration, to carry said shipment from San Diego, California to Jacksonville, Florida, and there deliver said shipment in a timely fashion to the lawful holders of the aforementioned air waybills and in the same good order, quantity, and condition as when received.

6. Thereafter, in breach of said contracts of carriage, defendants, and each of them, failed to deliver said shipment in a timely manner and in the same good order and condition as when received at San Diego. On the contrary, in breach and violation of said contracts of carriage, defendants, and each of them, delayed and failed to deliver the aforementioned shipment in the same good order and condition as when received. The value of the non-delivered cargo was $7,300.00.

7. Prior to the shipment of the herein described cargo and prior to any loss thereto, plaintiff MARITIME issued its policy of cargo insurance whereby plaintiff MARITIME agreed to indemnify the owner of said cargo and its assigns against loss of or damage to said shipment while in transit, and plaintiff MARITIME has heretofore paid to the person entitled to payment under said policy the sum of $7,300.00, on account of the herein described loss.

8. By reason of these premises, plaintiff MARITIME has been damaged in the sum

COMPLAINT FOR LOSS/DAMAGE OF AIR CARGO
Case No. _____   Our File No. 5717.09/BXMDC

- 2 -

1  of $7,300.00, no part of which has been paid, despite demand therefor.

2  WHEREFORE, plaintiff prays for relief as hereinafter set forth.

3

4  ### SECOND CAUSE OF ACTION
   (Against RAYOTEK and DOE SIX through DOE TEN Only)
5

6  9.  Plaintiff realleges and incorporates each and every allegation contained within
7  paragraphs 1, 2, and 3 set forth above.

8  10.  Plaintiff is informed and believes, and on the basis of that information and belief
9  alleges that prior to the shipment of the herein described cargo and prior to any apparent loss
10 thereto, plaintiff MARITIME issued its policy of cargo insurance whereby plaintiff MARITIME
11 agreed to indemnify defendant RAYOTEK and DOE SIX through DOE TEN of said cargo and
12 its assigns against loss of or damage to said shipment while in transit, and plaintiff MARITIME
13 has paid to RAYOTEK, and DOE SIX through DOE TEN, under said policy the sum of
14 $7,300.00, on account of the herein described events and RAYOTEK is obligated under the
15 terms of the policy to refund payment since the shipment was found.

16 11.  After the payment of $7,300.00 to RAYOTEK, plaintiff was further informed by
17 DELTA that the herein described cargo was subsequently located by DELTA and plaintiff is
18 informed that RAYOTEK'S freight forwarder advised RAYOTEK that DELTA located the
19 cargo.

20 12.  Thereafter, in breach of plaintiff MARITIME'S and RAYOTEK'S and DOE SIX
21 through TEN'S insurance contract and/or policy, defendants RAYOTEK and DOE SIX through
22 DOE TEN, have refused and failed to reimburse MARITIME for its payment to RAYOTEK in
23 the amount of $7,300.00 under its insurance policy as the cargo has been located.

24 13.  By reason of these premises, plaintiff MARITIME has been damaged in the sum
25 of $7,300.00, no part of which has been paid, despite demand therefor.

26 WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against
27 defendants, and each of them; that this Court decree payment by the defendants, and each of
28 them, to plaintiff in the amount of $7,300.00, together with prejudgment interest thereon and

COMPLAINT FOR LOSS/DAMAGE OF AIR CARGO
Case No. _____ Our File No. 5711.08/EX/MDC                - 3 -

1 | costs of suit herein; and that plaintiff have such other and further relief as in law and justice it
2 | may be entitled to receive.
3 |
4 | DATED: January 16, 2004                GIBSON ROBB & LINDH LLP
5 |
6 |
7 |                                        By: _____
                                               Joshua E. Kirsch
8 |                                            Attorney for Plaintiff
                                               Maritime Insurance Company
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

COMPLAINT FOR LOSS/DAMAGE OF AIR CARGO
Case No. _____ Our File No. 3717.02/TEX.DOC        - 4 -

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## INDEPENDENT CALENDAR CLERK
### 330 W. Broadway
### San Diego, CA 92101

TO:

JOSHUA E KIRSCH
GIBSON & ROBB
275 BATTERY ST STE 920
SAN FRANCISCO, CA 94111

| | |
|---|---|
| MARITIME INSURANCE COMPANY<br>Plaintiff(s)<br><br>vs.<br><br>DELTA AIR LINES INC<br>Defendant(s) | Case No.: GIC824325<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>Judge: WILLIAM R. NEVITT, JR.<br>Department: 64<br>Phone: 619-685-6031 |

COMPLAINT FILED 01/16/04

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

- **TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: small claims appeals, petitions, and unlawful detainers.

- **COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

- **DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

- **DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

**CERTIFICATE OF SERVICE**

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

DATED: 01/16/04                                            BY: CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev 7-03)                    ADR-NOTICE OF CASE ASSIGNMENT

MAR-11-2004 16:24   GIBSON ROBB & LINDH LLP   P.08/10

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil Procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Soft Tissue Auto PI cases valued at $15,000 or less where liability is not in dispute may be assigned to the Soft Tissue Auto PI Program, upon request (see Local Rule 2.31). Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing; if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules, Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev. 05-03)                                                                                                              Page 1 of 2

MAR 12 2004 12:29 FR    TO SACRAMENTO    P.08

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Coordinator at 619-515-8901. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at 619-531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned or the court's Settlement Conference department at 619-531-3001. Please note that staff can only discuss ADR options and cannot give legal advice.

MAR-11-2004  16:25   GIBSON ROBB & LINDH LLP                                   P.10/10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## INDEPENDENT CALENDAR CLERK
### 330 W. Broadway
### San Diego, CA 92101

TO:

| MARITIME INSURANCE COMPANY | Case No.: GIC824325 |
|---|---|
| Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** (CRC 1590.1) |
| vs. | |
| DELTA AIR LINES INC | Judge: WILLIAM R. NEVITT, JR. |
| Defendant(s) | Department: 64 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management timelines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference With Private Neutral
- ☐ Other (specify):
- ☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                           Date: _____

Name of Plaintiff                              Name of Defendant

Signature                                      Signature

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

Signature                                      Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45 day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

IT IS SO ORDERED.

Dated: _____

                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 8-03)     ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MARITIME INSURANCE COMPANY, a corporation

**DEFENDANTS**
DELTA AIR LINES INC., a corporation; RAYOTEK SCIENTIFIC, INC., a corporation

FILED 04 APR -8 PM 3:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

04 CV -717- JM (JMA)

**(b)** County of Residence of First Listed Plaintiff UNKNOWN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm's Name, Address, and Telephone Number)
JOSHUA E. KIRSCH, ESQ. (415) 291-2300
GIBSON ROBB & LINDH LLP
275 Battery Street, Suite 920
San Francisco, CA 94111

ATTORNEYS (If Known)
WILLIAM REILLY, ESQ. (415) 561-8440
RIMAC & MARTIN, P.C.
1051 Divisadero Street
San Francisco, CA 94115

"BY FAX"

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionally of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Question, 28 U.S.C. §§ 1331; 1441(b). Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(4)(A). Matter concerns liability for lost/damaged cargo by interstate common carrier.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $7,300.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: April 8, 2004
SIGNATURE OF ATTORNEY OF RECORD: William Reilly /s/

**FOR OFFICE USE ONLY**
RECEIPT # 102625  AMOUNT 150.—  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

WWW.ATFORMS.COM 1-800-617-4202